UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANIEL BALDWIN, | ) |
| Petitioner, | ) |
| v. | ) No. 1:18-cv-02008-WTL-TAB |
| WARDEN, | ) |
| Respondent. | ) |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Daniel Baldwin for a writ of habeas corpus challenges a prison disciplinary proceeding identified as IYC 18-04-0024. For the reasons explained in this Order, Mr. Baldwin's habeas petition must be **granted**.

**A.  Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 Fed. Appx. 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

On April 3, 2018, Lieutenant J. Hill issued a Report of Conduct charging Mr. Baldwin with a violation of Code 220, Engaging in Unauthorized Financial Transaction. Dkt. 6-1. The Report of Conduct states:

> On 4/3/18 at approx. 6:45 am I Lt. J. Hill was conduct [sic] a search of Offender Daniel Baldwin's bed area and found a piece of paper with a phone number on it. (317-560-3413). The piece of paper also stated "bishop said tell vikki she better put that money on the phone today." Offender Baldwin was identified by his state ID and notified of this conduct report.

Dkt. 8-1.

Mr. Baldwin was notified of the charge on April 4, 2018, when he received the Report of Conduct and Screening Report. Dkt. 6-1 at 1, 6-2. He pleaded not guilty to the charge and requested a lay advocate. Dkt. 6-3. Mr. Baldwin asked to call two witnesses, Offender Bishop and Offender Welch. *Id.* Mr. Baldwin intended to ask Offender Bishop if the paper was Mr. Baldwin's, and he intended to ask Offender Welch if the paper belonged to Offender Welch. *Id.* Mr. Baldwin did not request any physical evidence. *Id.*

Offender Welch provided a written statement on April 6, 2018. It stated:

> The paper that was found was mine. I was attempting to help a friend get his family to put money on his phone.

Dkt. 6-5.

Offender Bishop provided a written statement on April 10, 2018. It stated:

> Yes, the paper was mine & I was having Mark Welch send my babys [sic] mother a message telling her to put her money on her phone. Daniel Baldwin had nothing to do with this. He had no idea about the note.

Dkt. 6-6.

A hearing was held on April 10, 2018. Dkt. 6-7. At the hearing, Mr. Baldwin stated that the paper was not his. *Id.* Lieutenant Hill stated that he found the note "under ofnd Baldwin's mat."

*Id.* After considering staff reports, staff statements, witness statements, and physical evidence, the hearing officer found Mr. Baldwin guilty of a violation of Code 240, Conspiracy/Attempting/Aiding or Abetting (Class B), and Code 220, Engaging in Unauthorized Financial Transaction. *Id.* The hearing officer specifically referenced the fact that the "[n]ote was found under offender[']s bunk." *Id.* The sanctions imposed included the deprivation of 60 days of earned credit time. *Id.*

Mr. Baldwin filed an appeal to the facility head, which was denied on April 24, 2018. Dkt. 6-8. He then appealed to the Final Review Authority, who denied his appeal on May 15, 2018. Dkt. 2-1. Mr. Baldwin brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C. Analysis**

**a. Impartial Decisionmaker**

Mr. Baldwin asserts that he was denied his due process right to an impartial decisionmaker because the hearing officer amended his charge from a violation of Code 220 to a violation of Code 240. Dkt. 2 at 2.

A prisoner in a disciplinary action has the right to be heard before an impartial decisionmaker. *Hill*, 472 U.S. at 454. A "sufficiently impartial" decisionmaker is necessary in order to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir. 2000) (per curiam). Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003); *see Perotti v Marberry*, 355 Fed. Appx. 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Indeed, "the constitutional standard for impermissible bias is high," and hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding" or because they are employed by the IDOC. *Piggie*, 342 F.3d

3

at 666. Instead, hearing officers are impermissibly biased when, for example, they are "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667.

Here, there is no evidence that the hearing officer was "directly or substantially involved in the factual events" underlying the Report of Conduct. *See Piggie*, 342 F.3d at 667. The hearing officer amended the charge against Mr. Baldwin, but that does not mean the hearing officer thus became involved in the events resulting in the Report of Conduct. There is no evidence that the hearing officer was present at the time of the alleged violation or at the time Lieutenant Hill drafted the Report of Conduct. Mr. Baldwin is not entitled to relief on this basis.

Insofar as Mr. Baldwin's claim of partiality is based on an alleged violation of IDOC policy, prison policies, regulations, or guidelines do not constitute federal law and thus cannot form the basis for relief under § 2254. Prison policies, regulation, and guidelines are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Claims based on prison policy are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 Fed. Appx. 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process").

### b. Denial of Advance Notice

Mr. Baldwin next contends that he was denied his due process right to a fair hearing because he was not given twenty-four hours to prepare a defense after the charge against him was amended. Dkt. 2 at 2.

4

Due process requires that an inmate be given advanced "written notice of the charges . . . in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff*, 418 U.S. at 564. "The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) (citations and quotation marks omitted); *see Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995) ("The notice should include the number of the rule violated . . . and a summary of the facts underlying the charge." (citations and quotation marks omitted)).

A petitioner's due process rights are not violated by a modification of the charge against him if the written notice informing the petitioner of the factual basis for his charge provided him "all the information he needed to defend against the [amended] charge." *Northern*, 326 F3d. at 911; *see Moshenek v. Vannatta*, 74 Fed. Appx. 639, 641 (7th Cir. 2003) (noting that the Seventh Circuit in *Northern* held that the "notice of the original offense is sufficient where the modified charge has the same factual basis").

The factual allegations in the Report of Conduct provided all of the information Mr. Baldwin needed to defend against a modified charge of conspiracy/attempting/aiding or abetting the original charge. Code 240 prohibits "[a]ttempting to commit any Class B offense" or "aiding, commanding, inducing, counseling, procuring or conspiring with another person to commit any Class B offense." Indiana Dep't of Correction Adult Disciplinary Process Appendix I: Offenses (version dated June 1, 2015).

The Report of Conduct sufficiently notified Mr. Baldwin of the possibility of a charge of violating Code 220 under an accomplice liability theory. The Report of Conduct informed Mr. Baldwin that he was charged with a violation of Code 220, and it also included the text of the note found on Mr. Baldwin's bunk. Dkt. 6-1. The note referenced another offender, which notified Mr.

5

Baldwin that the alleged violation involved another person. Because the Report of Conduct indicated that this offense involved more than one offender, Mr. Baldwin had sufficient notice that he could be charged as either a principal or as an accomplice. Mr. Baldwin is not entitled to habeas relief on this ground.

### c. Sufficiency of the Evidence

Finally, Mr. Baldwin asserts that he is entitled to relief because there was a lack of evidence to support the hearing officer's determination of guilt. Dkt. 2 at 3.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002).

An offender violates Code 220 by:

> Engaging in or possessing materials used for unauthorized financial transactions. This includes, but is not limited to, the use or possession of identifying information of credit cards, debit cards, or any other card used to complete a financial transaction.

Indiana Dep't of Correction Adult Disciplinary Process Appendix I: Offenses, at 6 (effective June 1, 2015).

An "unauthorized financial transaction" is "attempting or completing financial transactions, including the sending of monies from one offender to another or the sending of monies from the family/friends of one offender to another." *See* Inmate Trust Fund, IDOC Policy & Administrative Procedures 04-10-104, § IX (effective August 15, 2009), *available at*

6

https://www.in.gov/idoc/files/04-01-104__AP_Inmate_Trust_Fund_8-5-09.pdf (last visited March 1, 2019) [hereinafter Policy]. As stated above, an offender is guilty of violating Code 240 when he or she attempts to commit a Class B offense, or aids, commands, induces, counsels, procures, or conspires with another to commit a Class B offense. *See* Indiana Dep't of Correction Adult Disciplinary Process Appendix I: Offenses, at 7 (effective June 1, 2015).

Here, there was not any evidence to support the conclusion that Mr. Baldwin conspired to engage in an unauthorized financial transaction. To constitute an unauthorized financial transaction, the transaction must be "from one offender to another" or "from the family/friends of one offender to another." Policy at § IX. Although the note found under Mr. Baldwin's bunk may be evidence of a financial transaction, there is no evidence that the financial transaction would have been unauthorized because there is no evidence indicating the identity of the owner of "the phone" referenced in the note. Dkt. 6-1 at 2. Mr. Baldwin is entitled to habeas relief on this ground.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. Because there was insufficient evidence of Mr. Baldwin's guilt, the disciplinary finding of guilt was arbitrary and that finding and the sanctions imposed in case IYC 18-04-0024 must be **vacated and rescinded**. Accordingly, Mr. Baldwin's petition for a writ of habeas corpus is **granted**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 3/5/2019

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Distribution:

DANIEL BALDWIN
201845
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Chandra Hein
INDIANA ATTORNEY GENERAL
chandra.hein@atg.in.gov